**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

MATTHEW VELA,              :
                                       :     C.A. No.: K24C-05-021 JJC
           Plaintiff,       :
                                       :
          v.                :
                                       :
CENTURION OF DELAWARE,  :
LLC, AKA CENTURION HEALTH,  :
CENTURION, ACA CENTENE,    :
                                       :
          Defendant.    :

Submitted: July 11, 2024
Decided: August 5, 2024

## ORDER

This matter involves a healthcare negligence suit filed by Matthew Vela, an inmate at Howard R. Young Correctional Institution ("HRYCI"), against Defendant Centurion of Delaware, LLC ("Centurion"). Mr. Vela alleges that he received negligent medical care from Centurion, which contracted with the Delaware Department of Correction to provide medical services to inmates at HRYCI. Specifically, Mr. Vela alleges that Centurion medicated him without his informed consent, and at an incorrect dosage, which caused him a painful priapism. Mr. Vela further contends that Centurion delayed treating that condition, which in turn caused him permanent injury after Centurion failed to provide him proper care for his wounds after Centurion surgically addressed the condition. Finally, Mr. Vela alleges that Centurion's negligence has caused him physical and emotional pain and suffering and permanent disability.

Centurion now moves seeking an *in camera* review of Mr. Vela's affidavit of merit to determine whether it complies with 18 *Del. C.* § 6853(a)(1) and (c). In Delaware, a plaintiff filing a medical negligence action must include an affidavit of merit that addresses each defendant. The affidavit must be signed by the expert and accompanied by the expert's *curriculum vitae*.[1] Generally, an affidavit that tracks the statutory language complies with the statute.[2] The expert signing the affidavit must be licensed to practice medicine as of the affidavit date and must be engaged in the practice of medicine in the same or similar field of medicine as the defendant for the three years immediately preceding the alleged negligence.[3] The affidavit must also state that reasonable grounds exist to believe that each defendant's negligence caused the plaintiff's injury.[4] Even though the plaintiff must file the affidavit under seal, a defendant may request the Court to review it *in camera* to ensure it complies with the statutory requirements.[5]

As requested, after an *in camera* review of the affidavit of merit and the expert witness's *curriculum vitae*, the Court finds:

1.  The expert signed the affidavit;
2.  The expert attached a *curriculum vitae*;
3.  The expert is currently licensed to practice medicine;
4.  The expert is board certified in internal medicine;
5.  The expert treated patients in the same or similar field of medicine as Centurion for over three years, including the three years immediately preceding the alleged negligent conduct. Namely, the affidavit and

---

[1] 18 *Del. C.* § 6853(a)(1).

[2] *Dishmon v. Fucci*, 32 A.2d 338, 342-43 (Del. 2011).

[3] *Flamer v. Nanticoke Memorial Hospital*, 2020 WL 113911, at *1 (Del. Super. Jan. 9, 2020) (citing 18 *Del. C.* § 6853(c)).

[4] *Id.*

[5] *Id.* at *1 (citing § 6853 (d)).

*curriculum vitae* specifically reference the expert's experience in internal medicine as well as in providing contract medical care to prisoners; and

6. The expert recites and explicitly lists reasonable grounds to believe that that Centurion breached the applicable standards of care when treating Mr. Vela at HRYCI in manners that directly and proximately caused the permanent injuries alleged in the complaint.

Accordingly, the affidavit of merit meets the requirements of 18 *Del. C.* § 6853(a)(1) and (c). As a result, Mr. Vela's affidavit of merit is **COMPLIANT**.


**IT IS SO ORDERED.**


/s/ Jeffrey J Clark
Resident Judge